C.F.Peterson,Appellant

vs

Mrs E.Mc Cluskey

 No.8853

Charles F.Claiborne, Judge,

April 2 March 26th 1923

Court of Appeal
PARISH OF ORLEANS
FILED 4/2/23

C.F.Peterson,Appellant.

vs No.8855

Mrs E.Mc Closkey and husband.

Charles F.Claiborne,Judge.

This is a suit for $292.10 claimed as balance due on a building contract.

The plaintiff alleged that on December 30th 1919 he agreed with defendants to build for them according to plans and specifications,two houses bearing Nos.4421 and 4521 South Johnson Street;that said buildings were completed and accepted in June 1920; that on July 3rd 1920 and different dates anterior thereto,petitioner received on account $7,707.90

leaving a balance due of 292.10

$8,000.00

which balance was retained as a security against a threated claim of one Jones,a subcontractor,that although Jones has made no claim and the time for recording same has elapsed, defendant refuses to pay petitioner.

For answer,the defendants alleged that shortly after they had accepted the buildings they discovered the following defects in them:

1st The weather boards split and improperly joined;

2nd The roof leaked;

3rd. The house sank on account of defective and improper foundations and,

4th. Repainting and glazing the building;

That Mrs Mc Closkey notified plaintiff of these defects and he promised to correct them,and authorized her to do so;that accordingly she had the repairs made at the following expense:

| 1st. | Repairs to weather boards. | $124.40 | |
| 2nd. | Repairs to roof | 173.25 | |
| 3rd. | Raising building | 100.55 | |

236

4th Repainting building and glazing ............ 322.75

making a total of ............ $720.95

Defendants pray that plaintiff's suit be dismissed and for judgment in reconvention for $720.95 .

There was judgment in favor of defendants ,dismissing plaintiff's suit,and dismissing the reconventional demand for want of jurisdiction.

The plaintiff has appealed.

The defendants have not appealed,nor have they asked in this Court for an amendment of the judgment.

The sole question for determination therefore is, is plaintiff entitled to judgment?

The rule of law is that a contractor is obligated to construct a building in a workmanlike manner both as to material and workmanship,and fitted for the purpose for which it is built .14 CT.App.7

If he fails to do so,it is an active violation of his contract.and he need not be put in default .6 N.S.200 - 3 La 331- 9 La 174-6 A 293-14 A 81-34 A 209-37 A 468-47 A 1235-39 A 587- 110 La 750-124 -126 La 190-17 A 203 .

The owner may dot the work which the contractor has failed to do,or repair that which he has done imperfectly,at the expense of the contractor and deduct the cost from the contract price.C.C.2769-9 La 174-50 A 351-6 A 202-2 H.D.p.1025 No.4-6 A 202-12 Ct.App.126 .

An owner who receives and pays for buildings and uses them not completed or defectively constructed is not thereby deprived of his right to complete them or repair them at the expense of the contractor or claim damages.4 N.S.105-17 A 203 25 A 518-30 A 897-34 A 214-36 A 332-110 La 124-756-111 La 284 .

But in such a case the presumption is that the contract was well executed and the burden is on the owner to prove the contrary -40 A 116 . *11 La 252*

A purchaser may not sue for the redhibition of a

237

sale after he has sold the thing purchased by him;but he may
sue for a reduction of the price.1 N.S.312-10 A 188-189-48 A 445
446-114 La 503 .

But it is only in a very clear case that he will be
entitled to recover when he has sold it for a consideration
equal to that paid by him.7 La 261- 6 A 426-48 A 439 (451 ) .3R 20

In sales of real estate defects of construction err
or want of repairs are considered as apparent defects for which
the purchaser has no recourse against the vendor-6 A 386 .

Weather Boards:

The testimony of a disinterested witness,a contrac-
tor and builder,is that the weather boards were split by nailing
them,that the rain went through them;that he was employed by
the defendant to make the necessary repairs;that he changed
650 boards,touched up all the windows and doors and the sleeping
porch and arch;the settling of a house does not cause weather
boards to split unless the settling is six or eight inches;his
bill was $124.40 which the defendant paid him.

II Repairs to roof.

The repairs to the roof were made only after the
defendant had sold the house.The defendant's purchaser disco-
vered the leaks only after the sale;they therefore had no
influence upon the price of the sale .At that time the defendant
was under no legal obligation to repair the roof; 6 A 386 .

Therefore she cannot recover against her vendor.

III Raising the building .

The specifications were prepared by the plaintiff
and he is responsible for their defects.We do not agree with
him that he prepared the specifications from the plan furnished
to him by the defendant.The defendant's explanation,which we
believe correct is thus stated by her: " I had the plan which
I saw Mr Dubourg have a few minutes ago.I brought that plan
up to Mr Peterson and asked him to build a house similar to

that plan;and there were about a dozen changes made on that plan and I asked him if I should have an Architect draw a new plan with these changes on it and he said no,he would fix it allright,he would do that".We believe that this plan was given by the defendant to the plaintiff merely to serve as a model for the general distribution of the house,but that the method and materials for building the same were fixed by the plaintiff in his specifications.As a contractor and builder he was bound to warrant that foundation laid by him would be sufficient to support the building.The defendant paid One Hundred dollars for raising the building and reinforcing the foundations.She is entitled to deduct that amount from what she owes to plaintiff.

IV Repainting building.

The painting done by the plaintiff is thus described by a witness;

" The exterior of the house looked as if a lot of school boys had tried to paint it."

"The putty was falling out of the windows and the panes were falling out also.Somehad no brads in it at all.The whole house had to be reglazed.The weather hoards,some looked as if they had one coat and some others looked as if they tried to paint it with paint and others looked as if they tried to put creosote on it " 650

Besides, the new weather hoards had to be painted anew.

The painting cost $218 which defendant may also deduct from the contract price.

We think it is shown that plaintiff was notified of the defects in the buildings and was called upon to repair them,and that he failed to do it.

These three items make a total larger than the balance said by plaintiff to be due to him by the defendant.The plaintiff

is therefore not entitled to recover anything from the defendant
The Judge of the City Court so ordered and his judgment is af-
firmed.

Judgment affirmed.